IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CYNTHIA CHAPMAN,

    Plaintiff,

v.                                              Case No.: 1:12cv230-SPM/GRJ

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Defendant.

_____/

## FINAL SCHEDULING ORDER AND MEDIATION REFERRAL

The plaintiff filed this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, to recover short-term and long-term disability benefits under an employee welfare benefit plan. On January 30, 2013, the parties submitted a joint report of their planning meeting conducted pursuant Fed. R. Civ. P. 26(f). (Doc. 24). According to the report, the parties disagree as to the applicable standard of review and permissible scope of discovery. For the reasons set forth in *Self v. Prudential Ins. Co. of Am.*, No. 3:09cv422/MCR/EMT, 2010 WL 996503 (March 16, 2010), the court finds that the plaintiff should be allowed to undertake limited discovery initially and that briefing will be required before the court finally determines the appropriate standard of review. Accordingly, upon consideration of the parties' joint report, it is hereby ORDERED:

    1.    The applicable standard of review in this case is at least arbitrary and capricious in light of the admitted conflict of interest, and the court will reserve final ruling on the appropriate standard until after the parties have briefed the issue, as directed in paragraph 7 below. For now, the court will permit limited discovery on the following issues:

        a.    Whether the administrator fulfilled his or her fiduciary duties;

        b.    The exact nature of the information considered by the fiduciary in making the decision;

        c.    Whether proper procedures were followed in compiling the administrative record;

      d.      Whether the administrative record is complete;

      e.      Whether the fiduciary was competent to evaluate the information in the administrative record;

      f.      How the fiduciary reached its decision; and

      g.      Whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the plaintiff's claim.

The court approves the discovery plan set forth in the parties' joint report. The discovery deadline is extended to **May 30, 2013**.

      2.      The deadline for filing potentially dispositive motions is **July 30, 2013**. The filing of potentially dispositive motions need not, however, await the deadline for such motions. Potentially dispositive motions should be filed at the earliest appropriate time. It is rarely necessary that such motions await the completion of all discovery.

      3.      In circumstances when the Federal Rules of Civil Procedure would require leave of court for adding parties or amending pleadings, parties may be added or pleadings amended only with leave of court. The deadline to join additional parties and to amend pleadings shall be **March 15, 2013**.

      4.      Even if supplemented prior to the deadline established by the joint scheduling report, disclosures under Federal Rule of Civil Procedure 26 shall in any event be supplemented within a reasonable time after learning information calling for supplementation and in time to ensure the opposing party is not prejudiced by any failure to supplement immediately after the information was or with diligence should have been discovered. Supplementation under Rule 26(a) shall be made within **15 days** after the party receives additional information necessitating a supplementation, but in no event no later than **30 days** prior to the close of discovery.

      5.      The deadlines established by this order for disclosures under Federal Rule of Civil Procedure 26(a)(2) abrogate the deadlines set forth in Rule 26(a)(2)(C) and thus apply regardless of whether proposed testimony is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B). Leave of court must be sought, for good cause, prior to addition of testimony for which

timely disclosures were not made, even if the testimony is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B).

6. The parties shall mediate this case in accordance with the following procedures:

(a) The parties are directed to select a mediator certified by the Supreme Court of Florida as a Circuit Court Mediator or a person otherwise mutually agreeable to the parties. If the parties are unable to agree upon a mediator by a date three weeks prior to the discovery deadline, the plaintiff shall immediately file a notice so indicating, and I will appoint a mediator.

(b) Unless otherwise agreed, the fee of the mediator shall be paid equally by the parties. The fee shall be paid in the manner required by the mediator.

(c) The first mediation conference shall commence by not later than 14 days after the discovery deadline (but may commence at any earlier time). The mediator shall set the initial mediation conference with due regard to schedules and other commitments of the parties and counsel and may continue or adjourn the mediation conferences in his or her discretion within the time constraints set out in this order.

(d) The following persons MUST attend the mediation conference:

(1) Counsel of record primarily responsible for the conduct of this matter on behalf of each party.

(2) All parties. In the case of a corporation, governmental entity, or other organization, or officer in his or her official capacity, the party must attend through a representative having full authority to settle the entire case for the party without further consultation. In his or her discretion, however, the mediator may waive the requirement that the attending representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending representative's full authority to settle be "without further consultation."

(3) If a party is insured, a representative of the insurer having full authority to settle without further consultation. In his or her discretion, however, the mediator may

waive the requirement that the insurer's representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending insurer's representative's full authority to settle be "without further consultation."

(e) Failure of any person to attend the mediation conference as required shall result in the imposition of sanctions.

(f) The parties shall confer in advance on the submission of written materials to the mediator and shall proceed in accordance with any agreement they reach or the instructions of the mediator. In the absence of agreement of the parties or instructions from the mediator, no written submissions to the mediator are required, but either party may submit materials as it deems appropriate, which the mediator may consider as he or she deems appropriate.

(g) The mediator shall have authority to control the procedures to be followed in mediation, may adjourn the mediation conference and set times for reconvening, and may suspend or terminate mediation whenever, in the opinion of the mediator, the matter is not appropriate for further mediation.

(h) All discussions, representations, and statements made at the mediation conference shall be off the record and privileged as settlement negotiations. Mediation proceedings shall not be recorded by a court reporter or by an electronic recording device, except as necessary to memorialize any settlement that may be reached.

(i) This referral to mediation does not automatically toll the time for completion of any other matter in this case.

(j) The parties are encouraged to settle as many issues during mediation as possible. Partial or complete settlements shall immediately be reduced to writing in the presence of the mediator and shall be signed by all parties and their counsel.

(k) Mediation in this case must be completed on or before a date 28 days after the discovery deadline. The mediator or parties shall file a report within 14 days thereafter indicating when mediation was conducted and the outcome of the mediation (that is, whether the matter was settled or impasse was declared). If the matter is settled in full, notice to the court shall be immediate.

(I) On motion of any party, the court will consider ordering that mediation commence immediately or at a time earlier than otherwise required by this order. With or without such an order, the parties by agreement may commence mediation at any time before the deadlines set in this order. The court notes that a mediation notice has already issued, scheduling mediation for **March 6, 2013** at 11:00 a.m. (doc. 27).

7. If the case does not settle at the scheduled early mediation on March 6, 2013, the parties are directed to brief the issues of whether this case presents a deemed denied situation, a deemed exhausted situation, and whether *de novo* review and discovery beyond the administrative record are appropriate. The parties' briefs shall be filed within twenty (20) days after a mediation report of impasse.

**SO ORDERED** this 5th day of March, 2013.


*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**